**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

CAROL SEILER RYAN, INDIVIDUALLY
AND AS EXECUTRIX OF THE ESTATE
OF MARION RUTKOWSKI, et al.,

        Defendants.

Civil Action No. 17-2504 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon the United States of America's ("Plaintiff") Motion for Judgment of Foreclosure and Request for Writ of Execution. (ECF No. 14.) The docket reflects that Mutual No. 9 Condominium Association, Inc. ("Mutual No. 9" or "the Association"), the only Defendant that entered an appearance in this matter, did not file opposition to Plaintiff's motion.

Local Civil Rule 7.1(d)(1) provides that "[n]o application will be heard unless the moving papers *and a brief* . . . are filed with the Clerk . . . . The brief shall be a separate document for submission to the Court[.]" L.Civ.R. 7.1(d)(1) (emphasis added). Local Civil Rule 7.1(d)(4) provides that "[i]n lieu of filing any brief pursuant to L.Civ.R. 7.1(d)(1), (2) or (3), a party may file a statement that no brief is necessary and the reasons therefor." L.Civ.R. 7.1(d)(4). Here, Plaintiff did not file a moving brief pursuant to Local Civil Rule 7.1(d)(1). Rather, Plaintiff filed a "Certification of Non-Necessity of Brief" pursuant to Local Civil Rule 7.1(d)(4) that stated, "[t]he movant certifies that the within Motion involves common questions of law and fact and does not involve complex or novel issues such as to require the submission of a legal brief." (Pl.'s Cert., ECF No. 14 at 3.)

Here, Plaintiff's Complaint provides that, "[o]n December 18, 2011, ESTATE OF MARION ELIZABETH RUTKOWSKI C/O CAROL RYAN, EXECUTRIX conveyed the premises being foreclosed herein to MUTUAL NO. 9 CONDOMINIUM ASSOCIATION, INC., which deed was recorded on February 27, 2015 in Book 06665, Page 0829." (Compl. ¶ 20(b), ECF No. 1.) Mutual No. 9's subsequent "Non-Contesting Answer to Foreclosure Complaint":

> [j]oin[ed] in the demands of the Plaintiff for judgment and also demand[ed] that such judgment fix the amount due to the Association and that the Association be paid the amount so fixed with interests and costs, that the lands and premises referred to in the complaint be sold to satisfy the amount due the Association as well as the amount due the Plaintiff and that the priority amounts, if any, be paid by the Plaintiff.

(Answer, ECF No. 4.) The proposed form of judgment submitted with Plaintiff's application for foreclosure judgment provides, in relevant part:

> That special Writ of Execution and order of sale issue directing the U.S. Marshal to levy upon, advertise and sell the real property described above with appraisement, free of any right, title or interest of all defendants, except unpaid real property taxes and or special assessments given priority by law, if any and that the proceeds of the sale be paid as follows:
>
> (a) First, to the payment of all costs and accruing costs herein;
> (b) Next, to the payment of the judgment in favor of the plaintiff, the United States of America in the amount of $276,151.96 as of October 2, 2017.
> (c) Next, to the payment of interest to the plaintiff at the rate of 5.56% with a per diem rate of $45.85 until the entry of Judgment.
> (d) Next, to the payment of interest on the Judgment from the date it is entered until it is fully satisfied by sale or otherwise at the rate of interest allowed by law.
> (e) Next, the over plus, if any, remaining after the payment of the foregoing, shall be paid to the Clerk of Court to be disposed of as the Court shall thereafter direct.

(Proposed Form of J. 2, ECF No. 14-3.) The proposed form of order also provides "[t]hat upon confirmation of the Marshall's sale, all Defendants and all persons claiming by, through or under

them, are barred, foreclosed and enjoined from asserting any right, title or interest in the real property described above. (*Id.*) Here, even though Mutual No. 9 filed a "Non-Contesting Answer" and did not challenge Plaintiff's right to foreclose, the Answer clearly requested the Court fix the amount due to the Association. Plaintiff's proposed form of judgment, however, does not appear to fix the amount due to the Association or otherwise include the Association. Absent a legal brief that sets forth the legal authority for a judgment that extinguishes the rights and interests of a non-contesting defendant, and in an abundance of caution, the Court finds good cause to deny Plaintiff's motion without prejudice pending a supplemental submission by the parties. Based on the foregoing, and for other good cause shown,

IT IS on this 16th day of April 2018, **ORDERED** that:

1. Plaintiff's Motion for Judgment of Foreclosure and Request for Writ of Execution is denied without prejudice.

2. By **April 30, 2018**, Mutual No. 9 must e-file correspondence that sets forth its position with respect to Plaintiff's proposed form of judgment.[1] Alternatively, by **April 30, 2018**, the parties may e-file a joint proposed revised form of judgment for the Court's consideration.

3. If Mutual No. 9 fails to e-file correspondence that sets forth its position and fails to communicate with Plaintiff with respect to a joint proposed revised form of judgment, Plaintiff shall file a legal brief in support of its motion by **May 11, 2018**.

s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

---

[1] If Mutual No. 9 e-files correspondence indicating that it consents to Plaintiff's proposed form of judgment, no further action by the parties is required.